## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8184 | **DATE** | 5/22/2003 |
| **CASE TITLE** | Tucker, Jr. vs. Bank One, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order granting defendants' motions to dismiss. This action is , therefore, dismissed. Any pending motion in this case is terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 6 number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAY 23 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | 45 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 5/22/2003 date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WILLIAM SHARKY TUCKER, JR.,  )
                             )                    MAY 2 0 2003
         Plaintiff,          )
                             )
    v.                       )
                             )    No.  02 C 8184
BANK ONE, N.A., et al.,      )
                             )
         Defendants.         )

MEMORANDUM OPINION AND ORDER

Plaintiff William Sharky Tucker, Jr., sues numerous defendants following the foreclosure of his property in Henderson, Nevada, alleging fraud, conspiracy, and violations of various federal statutes including the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Defendants Bank One, N.A. ("Bank One"), Fairbanks Capital Corp. ("Fairbanks"), WMC Mortgage Corp. ("WMC"), Goodrich & Pennington Mortgage Fund, Inc. ("Goodrich"), T.D. Service Company ("TDSC"), Robert J. Jackson, Matthew Q. Callister, and Callister & Reynolds ("C & R") (a law firm) move to dismiss for improper venue and failure to state a claim, or in the alternative to transfer the case to the District of Nevada. I grant the motions to dismiss.

As Mr. Tucker alleges that the defendants violated federal law in conspiring to deprive him of his property, this court has subject matter jurisdiction over the claim. Due to the nationwide service provision of RICO, 18 U.S.C. § 1965(b), this court may exercise personal jurisdiction over all of the defendants on the

RICO count. This court's exercise of personal jurisdiction over all the defendants on the remaining claims, which arise out of the same series of events as the RICO claim, is justified under the doctrine of supplemental personal jurisdiction. *See Robinson Eng'g Co., Ltd. Pension Plan and Trust v. George*, 223 F.3d 445, 450 (7th Cir. 1999) (holding that the logic that lies behind the supplemental subject matter jurisdiction statute, 28 U.S.C. § 1367, can also be applied to questions involving supplemental personal jurisdiction).

**Fraud.** Mr. Tucker alleges, first, that defendants Bank One and TDSC committed fraud by "advancing writings" they knew to be false to the Clark County Recorder, which resulted in an invalid judgment against Mr. Tucker. This allegation is, at best, vague. Under Fed. R. Civ. P. 9(b), in all averments of fraud or mistake, the circumstances must be stated with particularity. The Seventh Circuit has explained that Rule 9(b) means that a plaintiff alleging fraud must plead with specificity the "who, what, where, and when" of the alleged actions. *Ackerman v. Northwestern Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999). Even construing Mr. Tucker's *pro se* complaint liberally, *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000), I cannot find that it meets this standard.

**Misprision of felony.** Next, Mr. Tucker accuses Mr. Callister and C & R of the crime of misprision of felony under 18 U.S.C § 4.

2

This is a criminal statute that grants Mr. Tucker no private right of action.

**Fair Debt Collection Practices Act**. Mr. Tucker accuses all the defendants of "participating in a pattern of racketeering activities" in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. However, Bank One is the only defendant whose actions Mr. Tucker points to in this section of his complaint. Although the complaint is vague on this point, Bank One appears to have purchased Mr. Tucker's mortgage from another financial institution. Mr. Tucker claims that Bank One violated the FDCPA by attempting to collect money from him that he did not owe. However, Mr. Tucker does not give any hint of what actions Bank One took. Despite the broad notice pleading policy of the federal rules, even a *pro se* complaint must provide enough information to enable the defendants to respond in their own defense. *See, e.g., Ray v. City of Chicago*, No. 95 C 7353, 1997 U.S. Dist. LEXIS 2199, at *7 (N.D. Ill. Feb. 26, 1997) (Aspen, J.) (citing *Daniels v. Southfort*, 6 F.3d 482, 484 (7th Cir. 1993) in support of Judge Aspen's holding that a *pro se* claim was "too vague and conclusory to be cognizable at law"). Bank One cannot be expected to defend itself against allegations as vague as these. The complaint does not inform it whether it is accused of sending threatening letters or of breaking kneecaps.

**RICO**. Mr. Tucker alleges that the defendants conspired to defraud him of his property in violation of RICO. However, even if true, this allegation does not state a claim under RICO, which addresses only ongoing patterns of criminal activity involving at least two separate actions. "A 'pattern' of racketeering, an essential ingredient in a RICO case, means predicate acts sufficiently separate in time that they may be viewed as separate transactions." *Skycom Corp. v. Telstar Corp.*, 813 F.2d 810, 818 (7th Cir. 1987) (holding that fraudulent representations leading up to a single contract and the transfer of a single business opportunity did not constitute a pattern). Mr. Tucker alleges a single contract and a single exchange of property; such a case cannot constitute a violation of RICO.

**Federally protected rights**. Mr. Tucker alleges that he has a cause of action against the defendants for violating his constitutional rights under the Fourth, Fifth, Seventh, and Ninth Amendments because they acted "in conspiracy with state officials." He does not specify what state officials the defendants conspired with or what acts the defendants committed in violation of his rights. Again, this allegation is so broad and conclusory that it would be impossible for the defendants to defend themselves against it.

**Venue**. Although the defendants moved for transfer of venue only in the alternative, and the question is mooted by the

4

dismissal of all claims on other grounds, I note here that proper venue in this case unquestionably lies in the District of Nevada, where the property in question is located, where all of the defendants do business, and where all of the relevant activities took place. I do so to remind Mr. Tucker that while the defects in his pleading may be curable, his choice to pursue this case in the Northern District of Illinois is not. If he chooses to file an amended complaint, the proper place to do so is the District of Nevada.

As Mr. Tucker has not stated any cognizable claim, the motion to dismiss is GRANTED as to all defendants and all claims.

ENTER ORDER:

*signature*

**Elaine E. Bucklo**
United States District Judge

Dated: May 22, 2003